Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank Gregory Casella (SBN 301494)
fcasella@donigerlawfirm.com
**DONIGER/BURROUGHS, APC**
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW PAUL LEONARD, an individual; | Case No.: |
| Plaintiff, | PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT |
| v. | |
| GAIL M. HUMBLE, an individual; and DOES 1 through 10, | <u>Jury Trial Demanded</u> |
| Defendants. | |

ANDREW PAUL LEONARD, by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

1
COMPLAINT

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## **PARTIES**

4. Plaintiff ANDREW PAUL LEONARD is an individual residing in the State of New York.

5. Plaintiff is informed and believes and thereon alleges that Defendant DR. GAIL M. HUMBLE is a physician practicing medicine in Los Angeles County, with her primary place of business located at 101 N. Pacific Coast Highway Redondo Beach, California 90274.

6. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**FIRST CLAIM FOR COPYRIGHT INFRINGEMENT**

8. Plaintiff owns an original two-dimensional image entitled "Scanning electron Microscopy of Human Bone Marrow Stem Cells" (the "Subject Image") that was registered with the United States Copyright Office in 2007.

9. Prior to the acts complained of herein, Plaintiff began displaying a portfolio of images on the website www.aplmicro.com, which contains the following language: "No images or graphics on this web site may be used without permission in writing. To obtain usage rights please contacting Andrew Paul Leonard."

10. Plaintiff is informed and believes and thereon alleges that following its publication and display of the Subject Image, HUMBLE, DOE Defendants, and each of them displayed and/or embedded into their respective websites and/or advertising materials an image that is substantially similar to the Subject Image (hereinafter "Accused Image") without Plaintiff's authorization.

11. An image of Subject Image and a screen capture of Defendant's website (URL: http://www.drgailhumble.com/future-platelets-stem-cells/) with the Subject Image embedded are set forth hereinbelow:

| **Subject Image** | **Screen Capture** |
|---|---|
|  |  |

12. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Image, including, without limitation, through

3
COMPLAINT

access to Plaintiff's website and/or image library and/or access to properly licensed and authorized copies of the Subject Image.

13. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants is a medical professional and/or advertises medical services on the Internet related to the implementation of stem cells and platelets in anti-aging medical procedures and treatments.

14. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Image and by producing, distributing and/or displaying Accused Image through their on-line websites.

15. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

16. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Subject Image. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of the Subject Image in an amount to be established at trial.

17. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants—each of them—and their respective agents and servants be enjoined from manufacturing, distributing, offering for sale,

1 selling or otherwise displaying any product or image that infringes Plaintiff's copyright in the Subject Image;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: February 27, 2015                    DONIGER/BURROUGHS

                                            By:    /s/ Stephen M. Doniger
                                                   Stephen M. Doniger, Esq.
                                                   Frank Gregory Casella, Esq.
                                                   Attorneys for Plaintiff